**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
           chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicole Dale** and **Jeremy Masters**, individually, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>**SIRH, LLC**, an Arizona limited liability company; **RTH Enterprises, LLC**, an Arizona limited liability company; **John Doe Corporations I-XX**; **Rahul Haria and Jane Doe Haria**, a married couple; and **Hansa Haria and Jane Doe Haria II**, a married couple,<br><br>               Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ*.** |

Plaintiffs, Nicole Dale and Jeremy Masters ("Plaintiffs"), individually, and on behalf of all other individuals similarly situated, sues the Defendants SIRH LLC; RTH Enterprises, LLC; Rahul Haria and Jane Doe Haria; and Hansa Haria and Jane Doe Haria II (collectively "Defendants" or "Denny's") and alleges as follows:

-1-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

# PRELIMINARY STATEMENT

1.      This is an action for unpaid minimum wages and tips, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

3.      On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

4.      The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

5.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked as tipped employees[1] and whose tips were not fully dispersed to them as required by the FLSA.

6.     Plaintiffs bring this action against Defendants for their unlawful failure or refusal to allow Plaintiffs and other similarly situated employees to retain all their tips in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

7.     Plaintiffs bring a collective action under the FLSA to recover the tips that Defendants improperly withheld from them individually and on behalf of all other similarly situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

8.     The Collective Members are all current and former employees who worked as Tipped Employees for Defendants at any time starting three years before this Complaint was filed, up to the present.

9.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

10.     Defendants own, operate, or otherwise manage a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area.

---

[1]     For the purposes of this Complaint, "tipped employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

11.     At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally not allowing Plaintiffs and similarly situated employees to retain all tips they earned as required by the FLSA.

12.     At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to disperse to Plaintiffs and similarly situated employees to retain all tips earned as required by the FLSA.

13.     In willfully failing or refusing to allow Plaintiffs and similarly situated employees to retain all tips earned as required by the FLSA, Defendants have violated the minimum wage and tipped employee provisions of 29 U.S.C. § 206.

## **JURISDICTION AND VENUE**

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

16.     At all times material to the matters alleged in this Complaint, Plaintiff Nicole Dale is an individual residing in Maricopa County, Arizona, and is a former Tipped Employee of Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

17.     At all times material to the matters alleged in this Complaint, Plaintiff Jeremy Masters is an individual residing in Maricopa County, Arizona, and is a former Tipped Employee of Defendants.

18.     At all material times, Defendant SIRH LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant SIRH LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

19.     At all relevant times, Defendant SIRH LLC was a franchisee of Denny's restaurants and owned and operated as a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area

20.     Under the FLSA, Defendant SIRH LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, SIRH LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Denny's employees, Defendant SIRH LLC is subject to liability under the FLSA.

21.     At all material times, Defendant RTH Enterprises, LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant RTH Enterprises, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

22.     At all relevant times, Defendant RTH Enterprises, LLC was a franchisee of Denny's restaurants and owned and operated as a chain of Denny's restaurants with multiple locations company in the Phoenix Metropolitan Area

23.     Under the FLSA, Defendant RTH Enterprises, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, RTH Enterprises, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Denny's employees, Defendant RTH Enterprises, LLC is subject to liability under the FLSA.

24.     Upon information and belief, Defendant(s) John Doe Corporations I-XX are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) may have been owned or operated by or in conjunction with any of the Defendants as a "Denny's" franchisee restaurant location; (2) may have hired individuals, including Plaintiffs or the Collective Members as employees of any of the named Defendants; (3) may have been involved in Plaintiffs' or the Collective Members' damages; and/or (4) are otherwise proper parties to this lawsuit.  The identities of Defendant(s) John Doe Corporations I-XX remain unknown despite Plaintiff's' due diligence.

25.     At all relevant times, Defendant(s) John Doe Corporations I-XX were employers under the FLSA.  The FLSA defines "employer" as any person who acts

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant(s) John Doe Corporations I-XX had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant(s) John Doe Corporations I-XX is subject to liability under the FLSA.

26.    Upon information and belief, Defendant(s) John Doe Corporations I-XX do business as "Denny's."

27.    Defendants Rahul Haria and Jane Doe Haria are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Rahul Haria and Jane Doe Haria are owners or managers of Denny's and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

28.    Under the FLSA, Defendants Rahul Haria and Jane Doe Haria are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Rahul Haria and Jane Doe Haria had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of

Defendants in relation to Denny's employees, Defendants Rahul Haria and Jane Doe Haria are subject to individual liability under the FLSA.

29.    Defendants Hansa Haria and Jane Doe Haria II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Hansa Haria and Jane Doe Haria II are owners or managers of Denny's and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

30.    Under the FLSA, Defendants Hansa Haria and Jane Doe Haria II are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Hansa Haria and Jane Doe Haria II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Denny's employees, Defendants Hansa Haria and Jane Doe Haria II are subject to individual liability under the FLSA.

31.    On information and belief, as a company-wide strategic decision, Defendants incorporate many of their Denny's restaurant locations as separate legal entities that are all owned, in whole or in part, by Defendants Rahul Haria and Jane Doe Haria and Hansa Haria and Jane Doe Haria II.

32.    On information and belief, Defendants' Denny's restaurants all share common human resources management.

-8-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

33.     On information and belief, Defendants' Denny's restaurants all share a common employee handbook and training materials.

34.     On information and belief, Defendants' Denny's restaurants share employees.

35.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

36.     On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants in Maricopa County, Arizona.

37.     On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members under the FLSA.

38.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of bars and/or restaurants that comprise the business offerings of Denny's.

39.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

40.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

41.     Defendants, and each of them, are sued in both their individual and corporate capacities.

42.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

43.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

44.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

45.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

46.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

47.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

48.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by A.R.S. § 23-362.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

49.     At all relevant times, Defendants were and continue to be "employers" of Plaintiffs and the Collective Members as defined by A.R.S. § 23-362.

50.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

51.     On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

52.     On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

53.     On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

54.     On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

55.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

56.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

-11-

57.     Plaintiffs and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

58.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59.     Defendants own and/or operate as Denny's, an enterprise doing business in Maricopa County, Arizona.

60.     On information and belief, Defendants own and operate approximately four Denny's restaurants in the Phoenix Metropolitan Area.

61.     On information and belief, Defendants own and operate the Denny's restaurants at the following locations:

        a.     1210 E. Main St., Mesa, AZ 85203 (the "Mesa Location");

        b.     4403 S. Rural Rd., Tempe, AZ 85282 (the "Tempe Location");

        c.     1750 W. Chandler Blvd., Chandler, AZ 85224 (the "Chandler Location");

        d.     1661 E. Warner Rd., Gilbert, AZ 85296 (the "Gilbert Location").

62.     In or around August 2021, Defendants hired Plaintiff Nicole Dale to work for them as a server at the Gilbert Location         .

63.     In or around August 2021, Defendants hired Plaintiff Jeremy Masters to work for them as a server at the Gilbert Location.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

64.     At all relevant times, as a server, Plaintiff's primary job duties included customer service, running food, cleaning, and other various server-related duties.

65.     In addition to serving dine-in guests, Plaintiff was required to handle and serve pickup and delivery orders for Defendants' customers.

66.     At all relevant times, Plaintiff was compensated at an hourly rate of less than the applicable Arizona minimum wage during her employment on account of her receipt of tips.

67.     At all relevant times, and throughout Plaintiff's time working for Defendants, Plaintiff was required to compile, package, and serve to guests online pickup and delivery orders.

68.     As part of the online pickup and delivery order process, Defendants' customers can leave a tip for the server who compile, package, and/or serve to guests online pickup and delivery orders.

69.     At all relevant times, and through Plaintiff's time working for Defendants, Defendants engaged in the regular policy and practice of taking 100 percent of the tips paid to Plaintiff by Defendants' customers for delivery and to-go orders.

70.     On information and belief, such tips were taken directly by management and ownership and were not distributed to other employees such as in the case of a tip pooling arrangement, legitimate or otherwise.  Instead, these tips went from Plaintiff – the person who earned them – directly to Defendants.

71.     Defendants violated the CAA and FLSA by not allowing Plaintiff to retain all the tips he earned, in violation of 29 U.S.C. §§ 203(m) and § 206(a).

72.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

73.     At all relevant times, Plaintiff was a non-exempt employee.

74.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

75.     Defendants wrongfully withheld tips from Plaintiff by taking tips from Plaintiff and giving them directly to themselves.

76.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

77.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid and improperly taken tips, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## INJURY AND DAMAGE

78.     Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

79.     Plaintiff and the Collective Members were entitled to be paid the tips they earned.  By withholding rightfully earned tips from Plaintiff and the Collective Members, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## FLSA COLLECTIVE ACTION ALLEGATIONS

80.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81.    Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

82.    Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated Tipped Employees of Defendants, whose tips were not fully dispersed to them as required by the FLSA during the relevant time period as a result of Defendants' policies and practices.

83.    At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

84.    Defendants, in their sole discretion, paid the Collective Members a set hourly rate, regardless of the number of hours they worked in a given workweek.

85.    The Collective Members, in their work for Defendants, were generally scheduled to, and did, work in excess of 40 hours per week.

86.    Defendants did not compensate the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

87.    Rather than compensate the Collective Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants issued the Collective Members multiple paychecks from different restaurant locations or different incorporated entities for 40 hours or less to avoid paying overtime.

88.     The Collective Members did not apply or interview separately to work for any of the Denny's locations at which they worked.  Instead, Defendants assigned the Collective Members to work for whichever location they determined, at their sole and exclusive direction.

89.     Throughout their employment, Defendants shared the Collective Members between their restaurant locations.

90.     The Collective Members regularly worked for Defendants at multiple of their locations during their regular workweeks.  The Collective Members clocked in separately at each location for the hours they worked.

91.     Plaintiffs seek to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former tipped employees (or individuals with other similar job duties or titles), who are neither managers, supervisors, nor owners, who work(ed) for any of the Defendants, and/or any of Rahul Haria's or Hansa Haria's owned and/or managed Denny's restaurants, at any time during the past three years before the filing of the Complaint up to the present.**

92.     At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees all their owed tips.

-16-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

93.     These policies included managers/owners/supervisors receiving portions of Plaintiffs' and the Collective Members' tips.

94.     Plaintiffs' claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

95.     Plaintiffs and the Collective Members are hourly tipped employees who are entitled to receive tips.

96.     Plaintiffs and the Collective Members regularly had Defendants' managers, supervisors, and/or owners keep portions of Plaintiffs' and the Collective Members' tips.

97.     Defendants are aware that Plaintiffs and the Collective Members, on information and belief, work(ed) under these conditions, and yet Defendants still denied them their owed tips.

98.     As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all tips owed.

99.     Defendants' failure to pay tip compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

100.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

101.    All class members, irrespective of their particular job requirements and job titles, are entitled to compensated for their owed tips.

102.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiff and the Collection Members' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

103.    Upon information and belief, Defendants have employed more than one hundred (100) tipped employees during the period relevant to this action.

104.    The identities of these individuals, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

105.    Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

106.    Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime as required by the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT ONE: FLSA – MINIMUM WAGE
## IMPROPER TIP RETENTION

107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108.    Plaintiff and the Collective Members were non-exempt employees entitled to tips.

109.    On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

110.    The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

111.    At all relevant times, Plaintiffs and the Collective Members were employed by Defendants within the meaning of the FLSA.

112.    At all relevant times, Plaintiffs and the Collective Members were entitled to all of their tips.

113.    Defendants' managers, supervisors, and/or owners kept portions of Plaintiffs' and the Collective Members' tips.

114.    Defendants did not allow Plaintiffs and the Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m) and the CAA.

115.    In addition to the amount of unpaid tips owed to Plaintiffs and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

116.    Defendants' actions in failing to properly compensate Plaintiffs and the Collective Members, in violation of the FLSA, were willful.

117.    Defendants have not made a good faith effort to comply with the FLSA.

118.    Plaintiffs and the Collective Members are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

119.    Plaintiffs are entitled to class representative payments for bringing this lawsuit on behalf of themselves and the Collective Members.

**WHEREFORE**, Plaintiffs, Nicole Dale and Jeremy Masters, individually, and on behalf of all others similarly situated, respectfully request that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A.    Designation of this matter as a collective action on behalf of the Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

-20-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

C.      For the Court to declare and find that the Defendants willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

D.      For the Court to award Plaintiff damages for improperly withheld tips, to be determined at trial;

E.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

F.      For the Court to award prejudgment and post-judgment interest;

G.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

H.      Such other relief as this Court shall deem just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of July 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*